IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDQUIST FORD, INC.,
STEVEN LINDQUIST, and
CRAIG MILLER,

                                                ORDER
                    Plaintiffs,

                                                07-cv-12-bbc

            v.

MIDDLETON MOTORS, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Middleton Motors, Inc. has moved for a stay of execution on judgment pending appeal, conditioned on its supplying an irrevocable Letter of Credit from Associated Bank, N.A. to plaintiffs in the amount up to $193,545.23.   Now that defendant has shown in its reply brief and associated materials that its proposal would provide adequate protection for the judgment obtained by plaintiffs Lindquist Ford, Inc., Steven Lindquist and Craig Miller, the motion will be granted.

Fed. R. Civ. P. 62(d) allows for stays secured by the posting of a supersedeas bond. Although the statute appears absolute, courts have used their discretion to allow the securing of a judgment by means other than supersedeas bonds, in situations in which a substitute

1

security appears to be sufficient to protect the judgment.  E.g., Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988) (city's showing that judgment is guaranteed from specific fund and that manner of obtaining payment is relatively easy and fast was sufficient to warrant staying of execution without posting of bond).

Thus, the question defendant's motion raises is whether it has shown that its proposal to post a Letter of Credit would be a permissible substitute for a supersedeas bond.  This, of course, depends on whether the Letter of Credit would provide adequate protection to plaintiffs for their judgment.  It would have been helpful if defendant had submitted a copy of the proposed Letter of Credit with its initial brief.  However, now that I have had a chance to see it and defendant has advised the court that it will be issued in the amount of $200,000, I am satisfied that it will be adequate to protect plaintiffs' judgment.

It is true that the Letter of Credit expires in a year and the appeal of the judgment may not be complete within that time.  As defendant points out, however, if the appeal is not resolved within a year and defendant has not secured a new letter before the old one expires, plaintiffs can collect on the existing Letter of Credit.

ORDER

IT IS ORDERED that defendant Middleton Motors, Inc.'s motion for a stay of

execution of judgment pending appeal is GRANTED.

Entered this 18th day of March, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3