IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDQUIST FORD, INC.,
STEVEN LINDQUIST and
CRAIG MILLER,

                                        ORDER

                Plaintiffs,

                                        07-cv-12-bbc

     v.

MIDDLETON MOTORS, INC.,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil case, plaintiffs Lindquist Ford, Inc., Steven Lindquist and Craig Miller prevailed on their claims for monetary relief under the doctrines of quantum meruit and unjust enrichment. On October 23, 2009, judgment was entered in favor of plaintiffs in the amount of $153,936.99. Plaintiffs have filed a bill of costs, calculating the total costs to be $8,495.37. In addition, plaintiffs have filed a motion for award of double those costs and 12% interest under Wis. Stat. §§ 807.01(3) and (4) on the ground that, on October 19, 2007, plaintiffs offered to settle the case for less than they ultimately recovered. Defendant Middleton Motors, Inc. does not oppose the amount of costs. It does contend that plaintiffs

1

are not entitled to double costs or 12% interest under §§ 807.01(3) and (4). I conclude that plaintiffs are entitled to double costs and 12% interest from October 19, 2007 to the date defendant pays the judgment.

Under Wis. Stat. §§ 807.01(3) and (4), a plaintiff who receives a favorable judgment after offering to settle the case is entitled to double costs and 12% interest from the date of the settlement offer if (1) the rejected offer was for less than the amount ultimately recovered and (2) it was served upon the defendant at least 20 days before trial. Defendant contends that the October 19, 2007 settlement offer cannot be considered under §§ 807.01(3) and (4), because that settlement occurred before the court of appeals reversed the original judgment and because plaintiffs made a more recent settlement offer on July 31, 2009. In other words, defendant contends a settlement offer is not covered under § 807.01 if it occurred before a court of appeals remanded a case or before a new offer of settlement was made.

Defendant's argument is not persuasive. The statute requires double damages and interest for "an" offer of settlement that is rejected, not for "the last" offer of settlement or for "any offer occurring after appellate action." In the context of § 807.01, there is no way to read "an" offer of settlement except to mean "any" offer of settlement.

According to defendant, if the use of "an" in § 807.01 is interpreted to mean "any," plaintiffs could "game the system" by proposing multiple offers of settlement along the

2

course of litigation. This worry seems manufactured. If a plaintiff offers to settle for various amounts along the way, then either the offers are reasonable and the defendant may agree to settle or the offers are unreasonable and plaintiff is not likely to receive a favorable judgment for more than the amount offered.

Moreover, if defendant were correct that only one formal offer of settlement could be "in effect" at one time under § 807.01, this rule would create a disincentive to continue settlement negotiations after one offer has been made. The facts in this case provide a useful example: plaintiffs' October 19, 2007 settlement offer was for $125,000, but after the case was remanded, plaintiffs offered to settle for $73,999. If the later offer "displaced" the older offer, plaintiffs would be entitled to 12% interest only from the date of the newer offer, losing the chance to win nearly two years of interest. Under such a structure, parties are more likely to stick to the early offer than make any more efforts to reach a settlement. This would conflict with the purpose of § 807.01, which is to encourage settlement. Prosser v. Leuck, 225 Wis. 2d 126, ¶ 20, 592 N.W.2d 178 (1999) (citations omitted).

The only other argument defendant makes is that plaintiffs are not entitled to any prejudgment interest outside § 807.01. However, plaintiffs are not seeking any other sort of prejudgment interest. Because I am persuaded that plaintiffs' October 19, 2007 offer of settlement is covered by §§ 807.01(3) and (4), I will grant plaintiffs' motion for double costs and 12% interest from October 19, 2007.

ORDER

IT IS ORDERED that

1. The motion for award of double costs and 12% interest pursuant to Wis. Stat. §§ 807.01(3) and (4) filed by plaintiffs Lindquist Ford, Inc., Steven Lindquist and Craig Miller, dkt. #150, is GRANTED.

2. The judgment entered on October 23, 2009, dkt. #151, is VACATED. The clerk of court is directed to enter an amended judgment in the amount of $153,936.99, plus 12% interest on the $153,936.99 award, to run from October 19, 2007 to the date on which judgment is paid by defendant, plus double costs in the amount of $16,990.74.

Entered this 20th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4