IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDQUIST FORD, INC.,
STEVEN LINDQUIST and
CRAIG MILLER,

                                                                          ORDER

                    Plaintiffs,

                                                                           07-cv-12-bbc

    v.

MIDDLETON MOTORS, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered November 23, 2009, I granted plaintiffs' unopposed bill of costs and plaintiffs' motion brought under Wis. Stat. § 807.01 for double costs and 12 percent interest. Now before the court is defendant's motion for reconsideration. In its motion, defendant asks the court to reconsider its decision on the ground that according to a briefing schedule set by the court, it was entitled to submit a reply brief that was not due at the time I decided the motions. I disagree. The briefing schedule defendants identify is one related to the bill of costs itself, dkt. #152, for which the briefing schedule was reset on November 4, 2009 to allow defendant to submit a brief in reply by November 25, 2009. However,

1

defendant did not oppose the bill of costs. Instead, it opposed only plaintiffs' motion for double costs, for which a separate briefing schedule had been set allowing only an opposition brief due November 3, 2009. Therefore, both motions were properly under advisement and defendant was not entitled to submit additional argument at the time the motions were decided.

To the extent defendant is simply seeking reconsideration of the decision, I am not persuaded that it was error to grant plaintiffs' motion for double costs and 12 percent interest. Contrary to defendant's position, plaintiffs' request for double costs in a case involving multiple offers of settlement does not "lack support" or create a new "exception." Instead, it is drawn from the language of Wis. Stat. § 807.01 itself and the policy behind the statute, which is to encourage settlement. The absence of case law supporting plaintiffs' position is not a ground for refusing to apply the statute, particularly because the case law is silent either way on this matter. Defendant's motion for leave to file a reply brief and for reconsideration of the order awarding double costs and 12 percent interest is DENIED.

Entered this 25th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge